UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL LACAVA, ET AL                       CIVIL ACTION

VERSUS                                        NO. 12-1984

STEPHENS INSURANCE, LLC, USA            SECTION "K"(1)
TRUCK, INC., AND CASSANDRA CAREY

### ORDER AND OPINION

Before the Court is the "Motion to Dismiss" filed on behalf of defendants USA Truck, Inc. and Cassandra Carey (Doc. 11). Having reviewed the pleadings, memoranda, and relevant law, the Court, for the reasons assigned, DENIES the motion.

#### Background

Michael Lacava, while driving his automobile, in which his two minor children Davin Lacava and D'Marco Lacava were passengers, was involved in an automobile accident with a truck driven by Cassandra Carey. USA Truck, Inc. owned the truck and employed Ms. Carey. Michael Lacava filed suit, individually and as administrator and natural tutor of the estates of his minor children, against USA Truck, Inc. ("USA,"), Cassandra Carey, and Stephens Insurance, LLC ("Stephens"), the alleged insurer of the USA. Mr. Lacava seeks damages for himself and his two children for injuries sustained as a result of the accident, including damages under Louisiana Civil Code Article 2315.6.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, USA and Ms. Carey filed a motion to dismiss asserting that because Mr. Lacava and his children were participants in the accident they made not recover bystander damages under Article 2315.6. Additionally, USA and Ms. Carey move to dismiss Stephens urging that it did not issue an insurance policy to either USA

or Ms. Carey. Subsequent to the filing of this motion, plaintiff filed an unopposed motion to dismiss Stephens which the Court granted. Therefore, to the extent that USA's motion seeks to dismiss Stephens, the Court denies the motion as moot.

## Law and Analysis

In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 563, 127 S.Ct. 1955, 1969 (2007), the Supreme Court "retired" the *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957), standard for analyzing a motion to dismiss under Rule 12(b)(6) which held that a district court may not dismiss a complaint for failure to state a claim "unless it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Noting that the *Conley* pleading standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard," the Supreme Court announced that "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. Id., 127 S.Ct. at 1969. "To survive a Rule 12(b)(6) motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 1229 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, 127 S.Ct. at 1955. A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court should not accept as true a plaintiff's conclusory allegations, unwarranted factual inferences, or unsupported legal conclusions. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 210, 210 (5th Cir. 2010).

Article 2315.6 of the Louisiana Civil Code provides in pertinent part that:

> A. The following persons who view an event causing injury to another person, or who come upon the scene of the event soon

> thereafter, may recover damages for mental anguish or emotional distress that they suffer as a result of the other person's injury:
>
> (1)  The spouse, child or children, and grandchild or grandchildren of the injured person, or either the spouse, child or children, or the grandchild of the injured person.
> (2)  The father and mother of the injured person, or either of them.
> (3)  The brothers and sisters of the injured person or any of them.
> (4)  The grandfather and grandmother of the injured person, or either of them.

Defendant relies on *Morris v. Maryland Casualty Company*, 657 So.2d 198, 200 (La. App. 3rd Cir. 1995) and *Deville v. Budd Construction Company*, 617 So.2d 570, 576 (La. App. 3rd Cir. 1993) in urging that when the party seeking damages under Article 2315.6 was a participant in the accident giving rise to the claim, damages under Article 23.15.6 are not available.

The Court acknowledges that in each of those cases the Court of Appeal of Louisiana Third Circuit denied recovery to the party seeking damages under Article 2315.6 on the basis that the party had been a participant, and not a bystander, in the accident precipitating the claim for damages. However, those cases can be readily distinguished.  Neither party seeking damages under Article 2315.6 in those cases falls within any of the enumerated classes of persons eligible to recover benefits under Article 2315.6.

The Court finds *Guillot v. Daimlerchrysler Corporation*, 50 So.2d 173 (La. App. 4th Cir. 2010) to be applicable here.  *Guillot* involved a suit brought by a husband and wife against a vehicle manufacturer for injuries sustained when the vehicle rolled backwards, pinning the wife, who was pregnant, between an automobile door and a brick column.  At the time the vehicle rolled backwards, the husband who had previously started the vehicle, was not in the car.  The couple's daughter was a passenger in the back seat at the time of the accident.  The wife's injuries necessitated the surgical delivery of the couple's son, who was born with permanent brain damage

and later died.  Despite the fact that the wife had also been a victim of the accident, the Fourth Circuit affirmed the award of damages to her under Article 2315.6 for witnessing the injury to the couple's son.  *Id.* at 195.  The court of appeals also affirmed the award of damages under Article 2315.6 to the father and sister for witnessing the injury to the son.  Had the Louisiana legislature intended to exclude members of the enumerated classes who were also "participants" in the accident from eligibility for damages under Article 2315.6, it certainly could have done so explicitly.  In the absence of such an explicit exclusion, the Court declines to read such an exclusion into the article.  Therefore, the motion to dismiss is DENIED.

      New Orleans, Louisiana, this 18th day of December, 2012,

                                                 STANWOOD R. DUVAL, JR.
                                               UNITED STATES DISTRICT JUDGE